```
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2
    ------------------------------------x
 3  UNITED STATES OF AMERICA,
 4
                                           22 CR 560 (CS)(VR)
 5       -vs-
                                           INITIAL APPEARANCE
 6                                           & ARRAIGNMENT
    FRANK BUTSELAAR,
 7
                          Defendant(s).
 8  ------------------------------------x
 9       *Proceedings recorded via digital recording device*
10                                      United States Courthouse
                                        White Plains, New York
11
                                        October 2, 2023
12
13  B e f o r e:   THE HONORABLE VICTORIA REZNICK,
                                        Magistrate Judge
14
15
    A P P E A R A N C E S:
16
17  DAMIAN WILLIAMS
         United States Attorney for the
18       Southern District of New York
    NICHOLAS S. BRADLEY
19  SHIVA H. LOGARAJAH
         Assistant United States Attorneys
20
21  LAWO FFICE OF JOHN F. CARMAN
    JOHN F. CARMAN
22       Attorney for Defendant
23
24
25
                    TABITHA R. DENTE, RPR, RMR, CRR
                            (914) 390-4027
```

1  　　　　　THE DEPUTY CLERK:  In the matter of the United States
2  v. Butselaar, case no. 22 cr 560.
3  　　　　　Starting with the attorneys for the Government, would
4  you please note your appearance for the record.
5  　　　　　MR. BRADLEY:  Good afternoon, your Honor.  Nicholas
6  Bradley and Shiva Logarajah for the Government.
7  　　　　　THE COURT:  Good afternoon.
8  　　　　　MR. CARMAN:  Good afternoon, your Honor.  It's John
9  Carman for Mr. Butselaar.
10  　　　　　THE COURT:  Good afternoon, everyone.
11  　　　　　Mr. Butselaar, my name is Magistrate Judge Reznick.  I
12  want to advise you that this is not a trial.  This proceeding,
13  instead, is called an initial appearance.  The purpose of
14  today's proceeding is to advise you of your rights, inform you
15  of the charges against you, and determine whether bail should be
16  set that may allow you to be released and if so, what that bail
17  should be.
18  　　　　　You have the right to remain silent at this and every
19  stage of the proceedings.  Any statement that you do make may be
20  used against you.  You have this right to remain silent even if
21  you have already made statements to law enforcement officers and
22  you are not required to answer any questions that law
23  enforcement officers ask you from this moment on.  For that
24  reason, I suggest that you consult with your attorney Mr. Carman
25  before you answer any questions that you may be asked.

1                Do you understand that?

2                THE DEFENDANT: Yeah, okay.

3                THE COURT: Ms. Altimari, will you please place the
4     Defendant under oath or affirmation, please.

5                THE DEPUTY CLERK: Mr. Butselaar, please stand and
6     raise your right hand.

7                    F R A N K   B U T S E L A A R,

8                          Sworn.

9                THE DEPUTY CLERK: Thank you.

10               THE COURT: Okay, you can be seated.

11               Mr. Butselaar, you are under oath now. It's important
12    for you to understand that if you knowingly make a false
13    statement during this proceeding, you could be subject to
14    prosecution for perjury or for making a false statement to the
15    Court and you could face a punishment of up to five years in
16    prison and a $250,000 fine if convicted of those offenses. This
17    punishment would be separate and apart from any sentences you
18    may be facing on the crimes charged in the indictment.

19               Do you understand that?

20               THE DEFENDANT: Yes, I do.

21               THE COURT: It is also important for you to understand
22    that any false statements that you make during this proceeding,
23    as well as any false statements that you may have made to
24    Pre-Trial Services, may be used against you at trial if there is
25    a trial in this case and if you decide to testify at trial.

1             Do you understand that?

2             THE DEFENDANT:  I do.

3             THE COURT:  Okay.

4             What is your full name?

5             THE DEFENDANT:  Frank Butselaar.

6             THE COURT:  How old are you?

7             THE DEFENDANT:  Sixty-four.

8             THE COURT:  Do you have any difficulty reading --

9             THE DEFENDANT:  No.

10            THE COURT:  -- writing, speaking, or understanding
11  English?

12            THE DEFENDANT:  No, I don't think so.

13            THE COURT:  How far did you go in formal school?

14            THE DEFENDANT:  University.

15            THE COURT:  Have you taken or used any mind-altering
16  drugs, alcohol, or medication within the last 24 hours?

17            THE DEFENDANT:  No, I have not.

18            THE COURT:  Are you sufficiently clear in your mind to
19  be able to understand today's proceedings?

20            THE DEFENDANT:  Yes, I do.  Yes.

21            THE COURT:  If you have made any statements to
22  Pre-Trial Services that you would like to correct or add to in
23  any way, I recommend that you discuss that with your attorney so
24  that the record can be corrected or amended.

25            Do you understand that?

1           THE DEFENDANT:  Yeah.
2           THE COURT:  Mr. Carman, are there any corrections or
3  additions that need to be made to the Pre-Trial Services report?
4           MR. CARMAN:  No, your Honor.
5           THE COURT:  Okay.
6           May I have the date and time of arrest, Mr. Bradley?
7           MR. BRADLEY:  Yes, your Honor.  The Defendant arrived
8  yesterday afternoon from Italy on an extradition.  He landed in
9  New York at approximately 12:45 in the afternoon yesterday.  He
10 arrived at the courthouse at approximately nine a.m. this
11 morning.
12          THE COURT:  Okay, thank you.
13          Mr. Butselaar, you have the right to be represented by
14 an attorney during all court proceedings, including this one,
15 and during all questioning by the authorities.  You also have a
16 right to consult with your attorney prior to answering any
17 questions.
18          Do you understand that?
19          THE DEFENDANT:  Yes, I do.
20          THE COURT:  Okay.
21          I understand that you have retained your own attorney
22 here.  If you become unable to afford services of counsel, you
23 may apply to the Court for appointment of counsel, and if the
24 Court determines that you are unable to afford an attorney, one
25 will be appointed to represent you without cost.

1                Do you understand that?

2                THE DEFENDANT:  Yes.

3                THE COURT:  Okay.  If you are not a United States
4    citizen, you have a right to request that a government attorney
5    or a law firm notify a consular office of your country of
6    nationality that you have been arrested.

7                I understand from your Pre-Trial Services report that
8    you are a citizen of the Netherlands.  Is that correct?

9                THE DEFENDANT:  That is correct.

10               THE COURT:  Okay.  Are you also a citizen of the
11   United States?

12               THE DEFENDANT:  No, I'm not.

13               THE COURT:  Okay.

14               You are entitled to have the United States Government
15   notify the consulate of the Netherlands of your arrest and the
16   consulate may be able to assist you with this matter.  A
17   representative from the consulate may visit you in detention, he
18   or she may offer to notify your family, and he or she may
19   provide other offers of assistance.  You have the option to
20   accept or reject any help.  You may ask the United States
21   Government to notify your consulate now or you may ask them at
22   any time in the future while this case is ongoing.

23               Do you wish to have the United States Government
24   notify your consulate at this time?

25               THE DEFENDANT:  Yes, please.

1  THE COURT: Okay.

2  Mr. Bradley, will you take note of that?

3  MR. BRADLEY: Yes, your Honor, we will do so.

4  THE COURT: Okay, thank you.

5  I have before me the sealed indictment containing the
6 charges against Mr. Butselaar. The charges include one count of
7 conspiracy to defraud the United States, in violation of
8 18 U.S.C. § 371, and Counts Two through Six of aiding and
9 assisting in the preparation of a false and fraudulent U.S.
10 income tax return, in violation of Title 26 U.S.C. § 7206(2).

11  Mr. Butselaar, have you received a copy of the
12 indictment?

13  THE DEFENDANT: Yes, I have.

14  THE COURT: Have you had an opportunity to review it
15 with your attorney Mr. Carman?

16  THE DEFENDANT: Yeah.

17  THE COURT: Mr. Butselaar, do you understand the
18 charges against you?

19  THE DEFENDANT: I do.

20  THE COURT: Mr. Butselaar, have you received a copy of
21 the indictment and reviewed it with your client?

22  MR. CARMAN: Mr. Carman.

23  THE COURT: Yes.

24  MR. CARMAN: Yes, I have.

25  THE COURT: Okay, and are you satisfied that your

client understands the charges?

MR. CARMAN: I am satisfied, your Honor.

THE COURT: Okay. Does Mr. Butselaar waive the public reading of the indictment?

MR. CARMAN: He does.

THE COURT: Okay.

Mr. Butselaar, are you prepared to enter a plea to the charges in the indictment at this time?

THE DEFENDANT: Yes.

THE COURT: And what is your plea?

THE DEFENDANT: Not guilty.

THE COURT: The record should reflect that the Defendant is now arraigned and a plea of not guilty will be entered.

Ms. Altimari, will you please wheel out the case.

THE DEPUTY CLERK: The case has been designated to wheel C and has been assigned to Judge Seibel.

THE COURT: All right, so this case is assigned to Judge Seibel. After these proceedings, you should contact Judge Seibel's chambers to discuss the schedule.

So I'll next hear from the Government as to bail, detention, or release.

MR. BRADLEY: Thank you, your Honor.

The Government is seeking detention on the grounds of flight risk. I have spoken to Mr. Carman in advance of today's

1  proceedings.  I understand that Mr. Butselaar will be consenting
2  to detention for today's purposes without prejudice to a future
3  application.
4         THE COURT:  Mr. Carman, is that correct?
5         MR. CARMAN:  Yes, your Honor.
6         THE COURT:  Okay, so based on my review of the
7  indictment, the Pre-Trial Services report, and Defendant's
8  agreement, Mr. Butselaar will be detained without prejudice to a
9  future bail application.
10        Mr. Bradley, what is the nature of discovery in this
11 matter?
12        MR. BRADLEY:  Your Honor, there is a significant
13 amount of discovery in this case.  It's primarily electronic.
14 It would consist largely of responses from various financial
15 institutions to government subpoenas.  In addition to that,
16 there is a significant volume, in about the hundreds of
17 thousands, of e-mails and other documents, many of which involve
18 or were addressed to or sent from the Defendant and other
19 individuals, including co-conspirators in this case.
20        In terms of discovery in this matter, we expect we can
21 begin that production on a rolling basis beginning in
22 approximately four weeks.
23        THE COURT:  Okay, thank you.
24        I direct the prosecution to comply with its
25 obligations under *Brady v. Maryland* and its progeny to disclose

1  to the defense all information, whether admissible or not, that
2  is favorable to the defendant, material either to guilt or to
3  punishment, and known to the prosecution.  Possible consequences
4  for non-compliance may include dismissal of individual charges
5  or the entire case, exclusion of evidence, and professional
6  discipline or court sanctions on the attorneys responsible.  I
7  will enter an order that will more fully describe these
8  obligations and the consequences of failing to meet them, and I
9  direct the prosecution to review and comply with that order.
10          Does the prosecution confirm that it understands its
11 obligations and will fulfill them?
12          MR. BRADLEY:  I have, your Honor, and can and will
13 continue to do so.
14          THE COURT:  Does the Government have any applications
15 at this time with respect to exclusion of time?
16          MR. BRADLEY:  Yes, your Honor.
17          We will contact Judge Seibel's chambers after these
18 proceedings are over to schedule an initial conference.  In the
19 event we're unable to do so today and depending on the Court's
20 schedule, the Government would respectfully request that the
21 Court exclude speedy trial time to no later than approximately
22 two weeks, or I should say two weeks exactly, from today under
23 Title 18 of the United States Code
24 § 3161(h)(7)(A).  The Government would respectfully submit that
25 the proposed exclusion of time would serve the ends of justice

1  that the Government can begin production of discovery, which is
2  quite lengthy, as I previously explained to the Court.
3         THE COURT:  Mr. Carman, what is your position?
4         MR. CARMAN:  The Defendant consents to that
5  application, your Honor.
6         THE COURT:  Based on the agreement of counsel and the
7  parties' statements, the Court finds, pursuant to Title 18
8  U.S.C. § 3161, that the ends of justice served by granting a
9  continuance outweigh the interests of the public and the
10 Defendant in a speedy trial and therefore the time between this
11 date and the next conference before Judge Seibel, which cannot
12 exceed two weeks, so that's October 16th, is excluded from
13 calculation under the Speedy Trial Act.
14        Is there anything else that needs to be addressed
15 today, Mr. Bradley?
16        MR. BRADLEY:  No, your Honor, not from the Government.
17        THE COURT:  Mr. Carman?
18        MR. CARMAN:  I don't believe so, your Honor.
19        THE COURT:  Okay, well, then, this matter is
20 adjourned.
21        I wish you luck, Mr. Butselaar.
22        THE DEFENDANT:  Thank you.
23
24 Certified to be a true and accurate
25 transcript of the digital electronic

1 recording to the best of my ability.
2 _____
3 Tabitha R. Dente, RPR, RMR, CRR
4 U.S. District Court
5 Official Court Reporter