

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

October 20, 2024

**BY ECF & EMAIL**
The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *United States v. Frank Butselaar*, No. 22 Cr. 560 (CS)

Dear Judge Seibel:

The Government respectfully writes in response to the defendant's letter, dated October 20, 2024, seeking to preclude anticipated testimony from Revenue Agent Valerie Catanzaro. The defendant contends that, "[d]espite claims to the contrary, the Government is going to seek to introduce expert testimony through Agent Catanzaro." Def. Sub. at 3. The defendant is wrong.

As the Government explained to defense counsel, it intends to call Agent Catanzaro to testify as to three topics: *first*, it will ask Agent Catanzaro to walk through the relevant tax forms for the jury, explaining where and how income, such as trust and Subpart F income, should be reported; *second*, it will ask Agent Catanzaro to summarize information on financial statements for the trusts and underlying entities belonging to the DJ Clients, and; *third*, it will ask Agent Catanzaro to explain, assuming that the DJ Clients' offshore structures are taxable, how their income should have been reported on the DJ Clients' tax filings. For the avoidance of doubt, the Government does not intend to elicit testimony from Agent Catanzaro as to whether the DJ Clients' offshore structures are taxable grantor trusts or whether the companies inside them qualify as controlled foreign corporations under the Code's Subpart F rules. The purpose of her testimony is simply to explain to the jury the mechanics of how trust and Subpart F income are properly reported on tax filings and to show how, assuming that the Government can otherwise establish taxability, the money in the DJ Clients' offshore structures should have been reported. The defendant's purported concern that the jury will view her testimony as an "IRS determination" of taxability is therefore unfounded.

The defendant's complaints about the adequacy of the Government's disclosures are likewise unfounded. As reflected in the defendant's own Exhibit A, the Government began producing 3500 material related to Agent Catanzaro nearly a month ago. In its early production of 3500 material, the Government specifically identified Agent Catanzaro as a Revenue Agent. It also produced, nearly a week in advance of the Court-ordered deadline, a witness list identifying Agent Catanzaro and indicating that she would be testifying as a Revenue Agent. And while omitted from the defendant's filing, as part of the 3500 material, the Government produced copies of the various tax forms about which Agent Catanzaro will be asked to testify, the various financial

statements reviewed by Agent Catanzaro, and detailed spreadsheets showing Agent Catanzaro's analysis. All this material was produced by the Government voluntarily and in advance of the Court-imposed deadline.

While the defendant objects to Agent Catanzaro's testimony by attempting to recharacterize her as an expert, that claim is contrary to the weight of the caselaw. In the parties' correspondence relating to this issue, the Government cited the defense to Judge Liman's recent decision in *United States v. Ray*, 2022 WL 5588146, at *16-*17 (S.D.N.Y. Feb. 24, 2022), which reviewed the law in this area and held that a revenue agent—specifically, Agent Catanzaro—could properly testify as a nonexpert summary witness. That decision is consistent with numerous other cases in which Agent Catanzaro testified in a similar nonexpert capacity. *See United States v. Ariel Jimenez*, 18 Cr. 879 (SHS) (S.D.N.Y.) (Agent Catanzaro provided summary non-expert testimony in February 2022); *United States v. Rebecca Bayuo*, 15 Cr. 576 (JGK) (S.D.N.Y.) (Agent Catanzaro provided summary non-expert testimony in October 2018); *United States v. Joseph Scali*, 16 Cr. 466 (NSR) (S.D.N.Y.) (Agent Catanzaro provided summary non-expert testimony in February 2018). So too here. Agent Catanzaro will not be asked to offer any expert opinions and thus should be permitted to testify as a nonexpert witness.

In the alternative, the *Ray* Court held that, even if considered an expert, Agent Catanzaro should be permitted to testify because the Government proffered that it would provide the defense drafts of charts summarizing her expected testimony in advance of trial. *Id.* at *17. Here, the Government has already provided such drafts to defense counsel as part of its early production of 3500 material. "The defense therefore will not be surprised by 'unexpected testimony.'" *Id.* (quoting *United States v. Cruz*, 363 F.3d 187, 196 (2d Cir. 2004))).

Finally, we note for the Court the Government's continuing concern regarding the persistent violations of the protective orders governing discovery in this case. As the Court is aware, the Government has repeatedly objected to the defendant's public filings of sensitive and protected information, including relating to expected testifying witnesses. In its latest submission, with no advance notice to the Government, the defense again submitted an unredacted filing disclosing not only prospective witness identities, but also protected 3500 materials, sensitive financial information, and personal identifying information, including social security numbers.

The defendant's pattern of disclosing this information, in direct violation of this Court's protective orders, and in derogation of repeated concerns raised by the Government, is troubling and should be addressed by the Court.[1]

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

by:     /s/
Benjamin Klein
Shiva H. Logarajah
David A. Markewitz
Assistant United States Attorneys
Southern District of New York
(914) 993-1900

cc:    Kerry Lawrence, Esq. (by ECF)
        Diane Fischer, Esq. (by ECF)
        Samidh Guha, Esq. (by ECF)

---

[1] After the Government raised this issue, counsel to the defendant contacted the ECF Helpdesk to remove Exhibit A. As of the time of this filing, the Helpdesk has not yet responded.