

SAMIDH GUHA
212-399-8350 PHONE
sguha@guhapllc.com EMAIL

February 4, 2025

<u>VIA ECF</u>

The Honorable Cathy Seibel
United States District Judge
United States Courthouse
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re: <u>United States v. Frank Butselaar</u>, 22 Cr. 560 (CS)
       Request for Disclosure

Dear Judge Seibel:

  We write to request that the Court order the government to produce an application submitted by the government in connection with this matter dated August 18, 2020, for a tolling order pursuant to Title 18, United States Code, Section 3292 (the "Tolling Application"). While we do not foresee this information impacting Mr. Butselaar's forthcoming sentencing, we believe that the government was and continues to be obligated to produce the Tolling Application pursuant to Federal Rule of Criminal Procedure 16 and its *Brady* obligations. The government has refused to do so.

  As brief background, in preparation of Mr. Butselaar's sentencing submission, we again reviewed the extradition materials that had been provided by the government in Rule 16 discovery to explore fully all available arguments for mitigation. The materials included the government's application to the Italian authorities seeking Mr. Butselaar's extradition, which was supported by an affidavit from one of the line assistants in this case dated March 24, 2023 (the "Extradition Affidavit" or "Affidavit"). The Extradition Affidavit attached four separate documents referenced in the Affidavit as exhibits in support of the government's request.

  There was one curious exception to the included exhibits. The Extradition Affidavit referenced in detail, but did not attach for the Italian authorities, a copy of the court order dated August 20, 2020 (the "Tolling Order"), that authorized the tolling of the statute of limitations based on the representations made in the Tolling Application. As described in detail in Paragraph 21 of the Affidavit, the Tolling Order was identified to the Italian authorities by the government as the basis for saving Counts Two through Four of the Indictment against Mr. Butselaar from being time-barred.

  We conducted searches of the voluminous Rule 16 productions in this matter but were unable to locate the Tolling Order. We asked the government by email dated January 26, 2025, for production of the Tolling Order to ensure that we had a complete record for our filing of Mr. Butselaar's sentencing submission. Surprisingly, none of the three trial prosecutors responded to

The Honorable Cathy Seibel
February 4, 2025

the initial request or two subsequent emails which reiterated the request and emphasized its time sensitivity given the impending submission deadline.

On January 28, 2025, due to the line assistants' failure to respond, we asked the Chief of the Criminal Division, who had also been involved in supervising this prosecution, to intervene. The next day, one of the line assistants produced the Tolling Order via email without comment. Upon review of the document, it became evident that the Tolling Order makes no reference to Mr. Butselaar. It is perhaps this fact that explains the government's choice not to attach it to the Extradition Affidavit for review by the Italian authorities or Mr. Butselaar's Italian extradition counsel.

The Tolling Order referred to the Tolling Application that provided to the Court support for the government's requested relief. We then conducted searches for the Tolling Application in the Rule 16 productions but, like the Tolling Order, were unable to locate it. On the assumption that the Tolling Application was likewise not produced in discovery, we asked the government to send us a copy of the Tolling Application. In response, one of the line assistants acknowledged that the government had not previously produced either document but refused to produce the Tolling Application. The line assistant denied being aware of any obligation to do so.[1] We asked the Chief of the Criminal Division to confirm that this was in fact the position of the Office as to its Rule 16 and *Brady* obligations but have not received any response.

Mr. Butselaar has no intention of changing course and is prepared to be sentenced on February 13, 2025, as scheduled. We do not understand the government's decision not to provide the Italian authorities and/or Mr. Butselaar's prior counsel either the Tolling Order or the Tolling Application in the extradition process, but more pressingly, we do not see any basis for its intransigence in producing the Tolling Application now. We, as counsel, believe that we must review the Tolling Application, like the Tolling Order before it, to ensure that we have fully explored potential mitigating arguments as they relate to the facts and circumstances of Mr. Butselaar's extradition in fulfillment of our duties to our client.

Thank you for Your Honor's consideration of this request.

Sincerely,

*Samidh Guha*

Samidh Guha

cc: All Counsel (via ECF)

---

[1] The line assistant insisted on legal support for our request, ignoring that the government had already produced the extradition materials as part of its original Rule 16 disclosures and produced the Order in response to our request to the Chief of the Criminal Division.