

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Attorney's Office*
*50 Main Street, Suite 1100*
*White Plains, New York 10606*

February 11, 2025

**BY ECF AND EMAIL**
The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States v. Frank Butselaar*, S1 22 Cr. 560 (CS)

Dear Judge Seibel:

      The Government writes briefly in response to the defendant's February 11 Letter, which calls into question representations made in the Government's February 6 sentencing submission.

      At the outset, the Government stands by its description of the process behind the plea in its February 6 submission, which was included only after the defendant baselessly asserted that the Government's decision to agree to a guilty plea evinced a lack of faith in its case. That assertion is flat-out wrong. And the defendant's continued public campaign to try to spin his knowing and voluntary guilty plea—made mere weeks after the defense told both executive management at this Office and the jury that the defendant was "actually innocent," Trial Tr. at 28:14–17; Def. 10/17/2024 Ltr. at 6—is plainly misleading. The Government rarely explains to a defendant why a particular plea is being offered and did not do so in this case until its reasons were called into question by the defendant.

      Moreover, the defendant's efforts to chip at the Government's submission is belied, in part, by some of what the defendant wrote under seal to the Court.[1] It also is contradicted by the record:



for example, the Court explicitly held that emails with the Manatt firm were not new information to the defendant, nor did it make a finding that the evidence was *Brady*. *Compare* Def's Letter at 2 (claiming belated *Brady* disclosure by the Government) *with* Trial Tr. 546:19–25 (Court noting that the defendant was on notice of information through prior Government disclosures that defendant later claimed to be *Brady*).

With respect to restitution, the loss amount is $19,250,845. That figure is supported not only by the parties' plea agreement, but is based on calculations performed by an IRS revenue agent. There is no question that the IRS suffered a substantial tax loss because of the defendant, and that figure—which an IRS revenue agent calculated—is $19.25 million, as set forth in the Government's submission.

The Government is happy to answer any further questions and apologizes for the continued correspondence on issues which are normally not addressed by a post-plea sentencing court, but which this defendant elected to raise.

Respectfully submitted,

DANIELLE R. SASSOON
United States Attorney for the
Southern District of New York

by: s/_____
Benjamin Klein
Shiva H. Logarajah
David A. Markewitz
Assistant United States Attorneys

cc: Counsel of Record (by ECF and Email)